**WO**                                                                              MDR

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Gaylen Clark,<br><br>                    Plaintiff,<br><br>v.<br><br>Foreign Intelligence Court, et al.,<br><br>                    Defendants. | No.    CV-25-00230-TUC-SHR<br><br><br>**ORDER** |

## I.    Background

Rule 3.4 of the Local Rules of Civil Procedure requires an incarcerated litigant to comply with the instructions attached to the court-approved complaint form.  Those instructions state: "You must immediately notify the Court . . . in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case**."  Instructions for a Prisoner Filing a Civil Rights Complaint in the United States District Court for the District of Arizona at 2 (emphasis in original).  In addition, Local Rule of Civil Procedure 83.3(d) requires an unrepresented party to file a notice of change of address no later than fourteen days before the change of address and an unrepresented incarcerated party to submit a notice of change of address within seven days after a change of address.

On May 16, 2025, self-represented Plaintiff Richard Gaylen Clark, who was then confined in the Arizona State Prison Complex-Tucson, filed a civil rights Complaint but did not pay the filing and administrative fees for this action or file an Application to

Proceed In Forma Pauperis.  That same day, the Clerk of Court mailed Plaintiff a Notice of Assignment that, among other things, warned Plaintiff he must immediately file a notice of change of address if his address changed and this case would be dismissed if he failed to do so.

On June 6, Plaintiff filed a Notice of Change of Address.  In a June 26, 2025 Order, the Court, among other things, noted Plaintiff had been released and gave him 30 days to either pay the filing and administrative fees or file a non-prisoner application to proceed in forma pauperis.  The same day, the Clerk of Court mailed the Order to Plaintiff at the address he provided.

On July 7, 2025, the mail was returned to the Court with the notation, "Return to Sender[;] Attempted – Not Known[;] Unable to Forward."  Plaintiff has not filed a Notice of Change of Address or otherwise notified the Court of his current address.

**II.    Failure to Prosecute**

Plaintiff has the general duty to prosecute this case.  *Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty of a self-represented plaintiff to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–31 (1962), the Supreme Court recognized a federal district court has the inherent power to dismiss a case on its own for failure to prosecute, even though the language of Rule 41(b) appears to require a motion from a party.  Moreover, in appropriate circumstances, the

1  Court may dismiss a complaint for failure to prosecute even without notice or hearing.  *Id.*

2  at 633.

3      In determining whether Plaintiff's failure to prosecute warrants dismissal of the

4  case, the Court must weigh the following five factors: "(1) the public's interest in

5  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

6  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

7  merits; and (5) the availability of less drastic sanctions."  *Carey*, 856 F.2d at 1440 (quoting

8  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors

9  favor the imposition of sanctions in most cases, while the fourth cuts against a default or

10  dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."

11  *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

12      The first, second, and third factors favor dismissal of this case.  Plaintiff's failure to

13  keep the Court informed of his address prevents the case from proceeding in the foreseeable

14  future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires

15  the Court to consider whether a less drastic alternative is available.  Without Plaintiff's

16  current address, however, certain alternatives are bound to be futile.  Here, as in *Carey*,

17  "[a]n order to show cause why dismissal [i]s not warranted or an order imposing sanctions

18  would only find itself taking a round trip tour through the United States mail."  856 F.2d

19  at 1441.

20      The Court finds only one less drastic sanction is realistically available.  Rule 41(b)

21  provides a dismissal for failure to prosecute operates as an adjudication on the merits

22  "[u]nless the dismissal order states otherwise."  The Court finds a dismissal with prejudice

23  would be unnecessarily harsh and, therefore, will dismiss the Complaint and this action

24  without prejudice pursuant to Rule 41(b).

25  . . . .

26  . . . .

27  . . . .

28  . . . .

1    **IT IS ORDERED** Plaintiff's Complaint (Doc. 1) and this action are **dismissed**
2    **without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for
3    failure to prosecute.  The Clerk of Court must enter judgment accordingly.
4    Dated this 30th day of September, 2025.

Honorable Scott H. Rash
United States District Judge